UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELANEE PACKARD,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.                              Case No.:  2:23-cv-1144-SPC-KCD

RIGHT NOW ROOFING FL INC.,

    Defendant.
                                   /

## **OPINION AND ORDER**

    Plaintiff Melanee Packard brings a putative class action against Defendant Right Now Roofing FL Inc.  She alleges that Right Now Roofing, a roofing contractor, uses an autodialer to solicit business from nonconsenting consumers.  This, according to Packard, violates state law.  Packard invokes the Class Action Fairness Act (CAFA) to trigger this Court's jurisdiction.  But her jurisdictional allegations miss the mark, so she must try again.

    The Court is "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  CAFA provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is

a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2). Packard fails to properly allege the parties' citizenship. Worse, Packard's allegations suggest that no party is diverse.

To start, Packard fails to allege her own citizenship. Packard states that she is a resident of Florida. But residence isn't enough. A person is a citizen where she is domiciled. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). And residence, without more, does not show domicile. *See, e.g.*, *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013); *McCormick*, 293 F.3d at 1257-58 (defining citizenship as a person's "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom[.]").

Next, Packard fails to allege Right Now Roofing's citizenship. Packard alleges that its principal place of business is Port Charlotte, Florida. But a corporation, like Right Now Roofing, is a citizen of both its place of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1). So Packard gives the Court only half of the information it needs.

Finally, Packard's allegations are not only insufficient. They also suggest that the Court does not possess subject-matter jurisdiction. CAFA requires minimal diversity. At least one plaintiff and defendant must be

2

citizens of different states. But Packard's citizenship allegations involve only Florida. If Packard cannot establish minimal diversity, her suit does not belong in federal court.

Accordingly, it is now

**ORDERED:**

1. Packard's Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. Packard must **FILE** an amended complaint consistent with this Order **on or before December 22, 2023. Failure to file an amended complaint will lead the Court the dismiss and close the case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on December 11, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3